### JACK MAHSEET v. STATE.

No. A-4189.    Opinion Filed Feb. 19, 1924.
(223 Pac. 199.)

(Syllabus.)

1.  **Adultery—Evidence Sustaining Conviction.** In a prosecution for adultery, the evidence held sufficient to sustain the verdict and judgment of conviction, and that no material error was committed on the trial.

2.  **Evidence—General Law as to Inadmissibility of Evidence as to Other Offense Inapplicable to Offenses Involving Sexual Intercourse.** The general rule that proof of another offense is inadmissible unless a part of the res gestae does not apply to

offenses involving sexual intercourse; and evidence of other acts is admissible to show the relation and familiarity of the parties, and as tending to corroborate the testimony of the prosecutrix as to the particular act relied on for conviction.

Appeal from District Court, Caddo County; Will Linn, Judge.

Jack Mahseet was convicted of adultery, and he appeals. Affirmed.

Morgan & Osmond, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J. The plaintiff in error was tried for adultery on an information charging that in Caddo county, January 23, 1920—

"Jack Mahseet and Kardsey, then and there being, did then and there commit the crime of adultery, by then and and there intentionally, unlawfully, willfully, and feloniously have voluntary sexual intercourse with each other, the said Jack Mahseet being then and there a married man, and not the husband of the said Kardsey, a female person; that this prosecution is commenced and is being carried on by Anna Mahseet, the wife of the said Jack Mahseet."

The jury returned a verdict finding him guilty, and fixed his punishment at one year in the penitentiary. He has appealed from the judgment rendered on the verdict.

Counsel for plaintiff in error complains that the verdict of the jury is not sustained by sufficient evidence; that the court erred in admitting incompetent evidence, and in the instructions given.

It would serve no useful purpose to enter into a discussion of the evidence. It is sufficient to say that it is ample to sustain the conviction. It appears that all the parties con-

cerned are Comanche Indians, and the defendant and his wife have five children. Evidence was admitted that for one or two years preceding the date of the complaint defendant consorted with the Indian woman Kardsey. This evidence was properly admitted as tending to establish adulterous disposition between the parties. Woody v. State, 10 Okla. Cr. 322, 136 Pac. 430, 49 L. R. A. (N. S.) 479; Morris v. State, 9 Okla. Cr. 241, 131 Pac. 731.

The instructions fully covered the law of the case, and no objection was made thereto.

Finding no error in the record, the judgment of the lower court is affirmed.

MATSON, P. J., and BESSEY, J., concur.